COMMERCIAL BANK & TRUST CO v
DOYLE et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12604. Decided Dec 27, 1932

L. S. Sobel, Cleveland, for plaintiff in error.

McKeehan, Merrick, Arter and Stewart, Cleveland, for defendant in error.

LIEGHLEY, J.

An examination of the Blue Sky Law so-called, may be helpful. This chapter has been on the books for a number of years and been amended by the Legislature several times.

It was amended in 1914, as reported in 104 Ohio Laws, page 117.

The attention of the Legislature was again challenged to this Act and it was again amended in 1923, as shown by 110 Ohio Laws page 276.

The title of the last amendment reads: "To amend §§3, 6; and 16 of the Act relative to further enforcement of the law governing the sale of securities." Real Estate is not specially mentioned in the title nor specially classified in any way, although it is clear from an examination of this amendment that it was intended to put additional teeth into the law in respect to transactions involving real estate located outside the state. Further examination discloses that there is no special mention made of this feature except such as may be inferred from the language incorporated in the sections amended. Section 15 was not changed until 1929, and at the time of the making of this contract existed in the same language as enacted in 1914. In 1929, §15 was repealed and some of its provisions were carried into new §8624-47 GC in modified form.

Some stress was laid on the fact that §16a fixes a rather severe punishment for violation. However, further scrutiny will disclose that §16a, enacted in 1923, provides a punishment for a violation of §16 only. Section 16 makes no mention of a contract involving the sale of real estate being void, but the subject matter is treated indifferently as to any and all securities or real estate. Section 16 places the burden upon the applicant for a license to do certain things and to furnish certain information and financial statements, and so forth, and if any violation is made in respect thereto, the punishment is prescribed by §16a.

Section 20 provides the punishment for violations of any and all other sections of the Act. Section uses the term "unlawful." This section read the same and was in the same words at the time the case of **Market Company v Corbitt and Sons, 114 Oh St, 126,** was decided. Section 20 specifically provides a severe punishment as a felony for any violation of §§12, 14 or 15 of the Act and a misdemeanor punishment for violation of any other sections of the Act. The Supreme Court in this case discussed the application of the punishment for a felony and the punishment for a misdemeanor as provided in §20 on page 132 of this decision.

The second paragraph of the syllabus specifically holds that it was not the intent of the Legislature to make void sales of stock made in violation of the statute, but to punish persons who did not comply therewith.

A careful reading of the statutes as amended, plus a careful examination of this decision in the light of the fact that the Blue Sky Law at the time this decision was rendered, had not been amended, leads us to the conclusion that the same rule should apply to contracts involving the sale of land as applies to contracts involving the sale of securities with reference to which this decision was rendered.

In short, it is our positive conclusion that the Blue Sky Law as amended in 1923 did not render void, nor did the Legislature intend, that contracts for the sale of real estate should be held to be void, and contracts for the sale of securities to be otherwise. It is our opinion that the same rule controls both situations.

Reversed for error of law in holding contract void and remanded.

LEVINE, PJ, and WEYGANDT, J, concur in judgment.